**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

LOGAN ANDREW LITTLE                                                                    **PLAINTIFF**

VS.                                                          **CIVIL ACTION NO.: 1:26-cv-74-RPC-DAS**

CARLOCK OF TUPELO, INC., et al.                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant GS Administrators, Inc.'s ("GSA") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 12].[1] Even after being instructed by the Court to do so, Plaintiff Logan A. Little ("Little") did not provide a response to the motion. The Court has therefore considered the motion on its merits without Little's response. For the reasons set forth below, the Court finds that GSA's motion is well taken and is hereby **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

On August 29, 2023, Little purchased a 2023 Toyota GR86 from Carlock of Tupelo, Inc. d/b/a Carlock of Tupelo ("Carlock"). Upon purchasing the vehicle, Little entered into a Vehicle Service Contract [Doc. 12-2] and Guaranteed Asset Protection ("GAP") Agreement [Doc 12-3] with Carlock, and a prepaid maintenance agreement ("Maintenance Agreement") with GSA. See [Doc. 12-1]. After taking possession of the vehicle, Little discovered defects in the engine. He alleges that he made repeated unsuccessful attempts to have Carlock and/or Toyota Motor Sales,

---

[1] The court also notes that on June 10, 2026, Little moved to remand this action to state court. *See* [Doc. 16]. However, he did not file a separate memorandum brief in support of the motion as required by Local Uniform Civil Rules 7(b)(4), which provides that any party filing a motion is required to file contemporaneously a separate memorandum brief in support of the motion. L. U. Civ. R. 7(b)(4). On June 22, 2026, the Court entered an Order directing Little to refile his Motion to Remand in compliance with Local Uniform Civil Rule 7(b) on or before July 2, 2026. [Doc. 19]. The time to respond has passed and Little failed to refile his motion or the accompanying memorandum brief. The motion [Doc. 16] is therefore **DENIED** for failure to comply with the Court's orders and a separate Order to that effect shall be issued.

U.S.A., Inc. ("TMS") repair or replace the vehicle and that, Carlock, TMS, and/or GSA refused his demands, offering only "half-hearted" repair attempts that failed to correct the problem.

On April 1, 2026, Little sued Carlock, TMS, and GSA (collectively referred to as "defendants") in the County Court of Lee County asserting the following claims: (1) breach of contract and intentional infliction of emotional distress against all defendants, and (2) breach of express warranties, implied warranties, warranties arising under the Mississippi Uniform Commercial Code, and (3) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301 – 2312, against Carlock and TMS.  Specifically, Little alleges that the defendants breached the vehicle's prepaid maintenance agreement (the "Maintenance Agreement") and that Carlock and TMS's failure to correct the engine defects breached the vehicle's express and implied warranties, as well as the warranties provided under the Uniform Commercial Code.  He also contends that Carlock and TMS violated his rights under the Magnuson-Moss Act.  Little seeks to revoke his acceptance of the vehicle under U.C.C. § 2-608[2] and seeks to rescind the purchase agreement under Miss.

---

[2] U.C.C. § 2-608 states that: "[t]he buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it,"

    (a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

    (b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it." *Id*.

Code §§ 75-2-718[3] and 75-2-719.[4] He also seeks punitive damages for the defendant's alleged intentional infliction of emotion distress, which he contends was willful, wanton and in total disregard for his person and well-being.

On May 11, 2026, TMS removed the action to this Court, asserting jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. On May 21, 2026, GSA moved to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Little did not respond to GSA's motion, and the Court now considers the motion on the merits without the benefit of a response.

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Nelson v. Allstate***, 4:26-CV-17-RPC-DAS, 2026 WL 1727132, \*2 (N.D. Miss. June 15, 2026). "The Court

---

[3] Miss. Code § 75-2-718(1) provides:

> Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.

[4] Miss. Code § 75-2-719(1) states:

> (1) Subject to the provisions of subsections (2), (3), and (4) of this section and of Section 75-2-718 on liquidation and limitation of damages,
>
> (a) The agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts; and
>
> (b) Resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The Court will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## ANALYSIS

### I.    BREACH OF CONTRACT

"The elements of breach of contract are: (1) the existence of a valid and binding contract; (2) breach of the contract by the defendant; and (3) money damages suffered by the plaintiff." *Guinn v. Wilkerson*, 963 So. 2d 555, 558 (¶8) (Miss. Ct. App. 2006). Upon purchasing the vehicle, Little entered into a prepaid maintenance agreement ("Maintenance Agreement") with GSA. [5] *See* [Doc. 12-1]. The parties do not dispute the validity of the Maintenance Agreement. Rather, Little vaguely alleges only that he is "entitled to an award of damages and all available relief" based on GSA's alleged breach of the Maintenance Agreement. *See* [Doc. 2]. The Maintenance Agreement covers the following services:

Plus Wrap and Plus

Engine oil (either conventional "CNV" or synthetic "SYN" as specific to Your Vehicle) and oil filter changes at 5,000 or 10,000 miles per the manufacturer recommended intervals as referenced in Your Owner's Manual, Supplement and/or Guide.

---

[5] Little also entered a Vehicle Service Contract [Doc.12-2] and GAP agreement [Doc. 12-3] when he purchased the vehicle. Those agreements, however, identify GSA as the administrator, not a provider, obligor, creditor, or warrantor, or seller of the vehicle. "In order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach." *ARD, LLC v. Trulite Glass & Aluminum Sols., LLC*, 195 So. 3d 867, 871 (¶15) (Miss. Ct. App. 2016). Because GSA is identified only as an administrator, Little has no grounds to assert a beach of claim against GSA pursuant to those agreements.

Fluids inspection and replenishment, as needed (every 5,000 miles), tire rotation and Multi-Point Inspection described below, at each 5,000 mile service interval or every six months.

. . .

(1) Fluids inspected and replenished: brake master cylinder, clutch master cylinder (manual transmission), power steering (if equipped), transmission coolant, differential, transfer case (applicable vehicles), and windshield washer (2) Visual inspection items: air filter, cooling system (leaks), exhaust system/muffler, PCV valve (if applicable), tire wear, axle boots (damage, leaks), drive belts (cracking, damage, leaks), shock absorbers/suspension, and windshield wipers and (3) Check and adjust tire pressure.

*See* [Doc. 12-1]. Little contends that after taking possession of the vehicle, he discovered defects in the engine and made several attempts to have Carlock and/or Toyota repair or replace it, but the defendants refused. Under the plain terms of the Maintenance Agreement, however, GSA had no duty to repair or replace the vehicle on account of an engine defect. The applicable agreement provisions outlined above cover routine maintenance and filter changes, not engine defects. Little has not responded to GSA's motion and has otherwise failed to identify the specific "engine defects" he allegedly discovered.

"Although detailed factual allegations are not required [at this stage], the allegations must be sufficient enough to raise a right to relief above the speculative level." ***Williams v. Bracey***, CV 4:25-CV-89-RPC-JMV, 2026 WL 1303156, *4 (N.D. Miss. May 12, 2026) (citing ***Bell Atl. Corp v. Twombly***, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Because Little has failed to plead facts sufficient to state a claim for breach of contract by GSA, his claim fails.

II.     **<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

"Under Mississippi law, a claim for intentional infliction of emotional distress requires that a defendant's conduct "be wanton and willful, as well as evoke outrage or revulsion." ***Riley v. PennyMac Loan Serv., LLC***, 1:23-CV-302-HSO-BWR, 2024 WL 4957592, *4 (S.D. Miss. Oct.

8, 2024).  "Ordinarily, a plaintiff must show that such conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id*.  "When the claim is based on a contract, a plaintiff must show that (1) the emotional distress was a foreseeable consequence of the particular breach-of-contract and (2) that he or she actually suffered emotional distress."  *Id*. (internal citations omitted).  Plaintiff must specifically show "suffering during a specific time frame," generalizations are not sufficient.  *Id*.  (internal citations omitted).  Because the Court has already found that Little failed to plead a viable breach of contract claim, his intentional infliction of emotional distress claim necessarily fails as well, as it too lacks the requisite factual foundation.

## III.    PUNITIVE DAMAGES

"Mississippi has long held that punitive damages are recoverable for the breach of a contract if attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort."  *Sun State Oil, Inc. v. D's OneStop VII, LLC*, 3:18-CV-265-DPJ-JCG, 2020 WL 13104163, *14 (S.D. Miss. Nov. 23, 2020).  Little has alleged no facts suggesting intentional wrong, insult, abuse, or independent tortious conduct and, having failed to establish an underlying breach at all, cannot sustain a claim for punitive damages.

### CONCLUSION

For the foregoing reasons, Little has failed to plead facts sufficient to sustain claims for breach of contract, intentional infliction of emotional distress, or punitive damages against GSA. Accordingly, GSA's motion to dismiss [Doc. 12] is **GRANTED**, and Little's claims against GSA are **DISMISSED** *with prejudice*.

**SO ORDERED**, this the 15TH day of July, 2026.

_____
**UNITED STATES DISTRICT JUDGE**